UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DANIELLE DAME,

    **Plaintiff,**   CASE NO.:

v.

VILLAGES HOSPITALITY, LLC
dba DAYS INN WILDWOOD,

    **Defendant**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, DANIELLE DAME ("Plaintiff"), hereby sues Defendant, VILLAGES HOSPITALITY, LLC dba DAYS INN, ("Defendant") and states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 13679(a).

2. Venue lies within the United States District Court for the Middle District of Florida, Ocala Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

**PARTIES**

3. Plaintiff is an adult and a resident of Sumter County, Florida.

4. Defendant is a Florida corporation, licensed and authorized to conduct business in Sumter County, Florida.

5. Defendant is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A), because it has employees engaged in commerce or in the production of good for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and because it has an annual gross volume of sales made or business done greater than $500,000.00.

6. As part of Plaintiff's duties for the Defendant, Plaintiff regularly engaged in commerce, handled goods in commerce, and the production of goods for commerce. Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(2) and Section 448.08, Florida Statutes, Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d) and Section 448.08, Florida Statutes, and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g) and Section 448.08, Florida Statutes.

7. Defendant is an employer within the meaning of 29 U.S.C. of § 203(d), and subject to the Fair Labor Standards Act.

## FACTUAL ALLEGATIONS

8. Plaintiff began her employment on or about March 2023 as a Housekeeper.

9. Plaintiff was compensated at the rate of $13.00 per hour and worked substantial hours in excess of forty hours in a workweek.

10. Defendant failed to keep accurate time records regarding the hours Plaintiff worked.

11. Plaintiff estimates she regularly worked between fifty to as many as ninety hours in a workweek.

12. Defendant required Plaintiff to endorse her checks to the hotel manager who would then give her half the amount and the other half was retained for purposes of paying for a room she was provided for her and her children.

13. Towards the end of her employment Defendant stopped paying Plaintiff anything at all.

14. When Defendant learned that its conduct had been reported to the Labor Board Plaintiff was confronted and told "so you think you can sue me?" and was told she was fired and required to vacate her room immediately.

15. Plaintiff has retained the services of Florin Gray and is obligated to pay her legal counsel a reasonable fee for their services.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

16. Plaintiff re-alleges paragraphs one (1) through fifteen (15) as though set forth fully herein.

17. Defendant is subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

18. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

19. Throughout her employment with Defendant, Plaintiff worked in excess of forty (40) hours per week, for which she was not compensated at the overtime rate.

20. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendant.

21. Defendant's failure to pay Plaintiff overtime at a rate less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week violates the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. § 207.

22. Defendant knew or had reason to know that Plaintiff performed work outside of her regular schedule and therefore worked in excess of forty (40) hours per work week.

23. Defendant's violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff.

24. As a direct result of Defendant's violations of the FLSA, Plaintiff

suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA and has incurred reasonable attorneys' fees and costs.

25. As a result of Defendant's violations of the FLSA, Plaintiff is entitled to liquidated damages.

26. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and judgment against Defendant for the following relief and damages:

    a. Overtime compensation in the amount due to her for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

    b. Liquidated damages in an amount equal to the overtime award;

    c. Prejudgment interest;

    d. Reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. A judicial determination that the FLSA was violated and an adjudication on the merits of the case;

    f. Any other further relief the Court deems just and proper.

## COUNT II
## FLSA – RETALIATION

27. Plaintiff re-alleges paragraphs one (1) through fifteen (15) as though set forth fully herein.

28. Plaintiff suffered an adverse employment action for opposing an

employment practice made unlawful by the FLSA.

29. The above-described acts of retaliation constitute a violation of the FLSA.

30. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

  a. Back pay and benefits;

  b. Interest on back pay and benefits;

  c. Front pay and benefits;

  d. Interest on front pay and benefits;

  e. Compensatory damages, including those for emotional pain and suffering;

  f. Punitive damages;

  g. Injunctive relief;

  h. Attorney's fees and costs; and

  i. All such other relief/damages to which Plaintiff is entitled.

## COUNT III
## FLORIDA STATUTE CHAPTER 448.08 - UNPAID WAGES

31. Plaintiff re-alleges paragraphs one (1) through fifteen (15) as though set forth fully herein.

32. Plaintiff earned wages and commissions over the course of her employment which are owed and payable by the Defendant pursuant to Florida Statute Chapter 448.08.

33. Plaintiff's claim is for all uncompensated hours worked by Plaintiff that were not overtime hours.

34. Defendant, despite Plaintiff's reasonable attempts to obtain payment of these earned monies, has failed and refused to make payment as required by Florida Statute Chapter 448.08.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant for back pay, unpaid wages, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

## COUNT IV
## FLSA MINIMUM WAGE

35. Plaintiff re-alleges paragraphs one (1) through fifteen (15) as though set forth fully herein.

36. Plaintiff is entitled to minimum wage for all hours worked pursuant to the FLSA.

37. By reason of the intentional, willful and unlawful acts of the Defendants in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE,** Plaintiff demands judgment against the Defendant for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

Dated: May 22, 2024

        **FLORIN|GRAY**

        *s/ Wolfgang M. Florin*
        **WOLFGANG M. FLORIN, ESQUIRE**
        Florida Bar No.: 907804
        wflorin@floringray.com
        **MIGUEL BOUZAS, ESQUIRE**
        Florida Bar No.: 48943
        miguel@floringray.com
        16524 Pointe Village Drive, Suite 100
        Lutz, FL 33558
        Telephone (727) 220-4000
        Facsimile (727) 483-7942
        Trial Attorneys for Plaintiff